[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS TO STRIKE #127 #132
 FACTS
On October 22, 2001, the plaintiff, Claudious Channer filed a revised complaint (the complaint) against Meredith Broadcasting, Inc., d/b/a WFSB TV Channel Three (Channel Three), Lin Television Corp., d/b/a WTNH News Channel 8 (Channel Eight), Paul Murray, Dawn Jones and Delroy Lewis.
Channel Three and Channel Eight now move to strike the "cause of actions"[1] brought against them by the plaintiff. On December 5, 2001, Channel Three filed a motion to strike and a supporting memorandum of law pursuant to Practice Book § 10-39. On January 7, 2001, Channel Eight also filed a motion to strike on the same grounds set forth by Channel Three, incorporating by reference Channel Three's memorandum of law.[2]
The complaint alleges that the plaintiff submitted a letter to Channel Three alleging that he was wrongfully incarcerated. The plaintiff requested an investigation of the circumstances surrounding his unlawful CT Page 6583 conviction. Channel Three allegedly never responded to the plaintiffs inquiries. The plaintiff alleges that Channel Three's failure to investigate his story is unfair, deceptive, immoral and unethical pursuant to General Statutes § 42-110b (d), § 42-110g (a), §42-103z and § 52-576.[3] The complaint further alleges that Channel Three maintains a practice of discriminating against prisoners and people of color.[4]
In the complaint, the plaintiff alleges that he wrote to Channel Eight regarding his story. He alleges that Channel Eight subsequently responded to his letter by requesting more information, however, when he provided additional information, Channel Eight did not respond. The plaintiff alleges that Channel Eight wrongfully refused to investigate his story, repeating the allegations set forth against Channel Three.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . ., to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997). "[W]e construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well pleaded facts . . . are taken as admitted. . . ." (Citations omitted; internal quotation marks omitted.)Gazo v. Stamford, 255 Conn. 245, 260-61, 765 A.2d 505 (2001). "Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . ." (Citation omitted; internal quotation marks omitted.) Lombard v. Edward J. Peters. Jr., P.C., 252 Conn. 623, 626,749 A.2d 630 (2000). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are not supported by the facts alleged." (Internal quotation marks omitted.) Novametrics MedicalSystem v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
The defendants move to strike the "cause of actions" on the grounds that the allegations in the plaintiff's complaint are insufficient to establish a violation of General Statutes § 42-110b, the Connecticut Unfair Trade Practices Act (CUTPA). The defendants argue that their advertisements for news worthy stories are not unfair or deceptive. The plaintiff, in opposition, argues that the defendants' advertisements violate CUTPA because the failure to investigate and broadcast his story is unfair and deceptive. CT Page 6584
General Statutes § 42-110b (a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110a (4) provides that "[t]rade and commerce means the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state."[5] "It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise . . . (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three. . . . Moreover, this court has set forth a three part test for satisfying the substantial injury criterion: [1] [the injury] must be substantial; [2] it must not be outweighed by any countervailing benefits to consumers or competition that the practice produces; and [3] it must be an injury that consumers themselves could not reasonably have avoided. . . ." (Citations omitted; internal quotation marks omitted.)Murray v. Taylor, 65 Conn. App. 300, 337-38, 782 A.2d 702, cert. denied,258 Conn. 928, 783 A.2d 1029 (2001).
"Alternatively, an act may violate CUTPA if it is deceptive." (Internal quotation marks omitted.) Norwest Mortgage v. Edwards, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 057496 (May 4, 1998, Curran, J.T.R). "[A]n act or practice is deceptive if three conditions are met. First, there must be a representation, omission, or other practice likely to mislead consumers. Second, the consumers must interpret the message reasonably under the circumstances. Third, the misleading representation, omission, or practice must be material — that is, likely to affect consumer decisions or conduct." (Internal quotation marks omitted.) Janusauskas v. Fichman,68 Conn. App. 672, 681, ___ A.2d ___ (2002).
The defendants argue that they do not act in an immoral, unethical, oppressive, or unscrupulous manner by not responding to every story they receive. The defendants next argue that the plaintiff has not suffered substantial injury as necessary to support a CUTPA action.
Specifically, they argue that the plaintiff only asserts financial loss CT Page 6585 with respect to money spent on paper, envelopes and postage, which falls short of substantial injury under CUTPA. The defendants further argue that their advertisements are not deceptive. They assert that they made a representation to the general public that they would investigate news worthy stories submitted to them. The defendants contend that they cannot be charged with liability for the plaintiff's belief that their advertisements constituted an offer to investigate the plaintiff's story.
A review of the complaint reveals that the plaintiff fails to allege any facts to support that the defendants conduct was unfair and deceptive as necessary to support a violation of CUTPA.[6] The plaintiff alleges that the defendants failure to respond to his letter is "unfair, deceptive, immoral and unethical in violation of [CUTPA]." Additionally, the plaintiff alleges that he suffered financial loss because he "[purchased] paper, envelopes, stamps and spend time to construct [his] story." "A claim under CUTPA [however] must be pleaded with particularity to allow evaluation of the legal theory upon which the claim is based."S.M.S. Textile Mills, Inc. v. Brown, Jacobson, Tillinghast, Lahan King, P.C., 32 Conn. App. 786, 797, 631 A.2d 340 cert. denied,228 Conn. 903, 634 A.2d 296 (1993). "If a claim does not set forth how or in what respect the [defendant's] alleged activities are either immoral, unethical, unscrupulous or offensive to public policy . . . [a] motion to strike is granted, because a CUTPA claim requires those allegations." (Internal quotation marks omitted.) Princeton Capital Finance Co. LLC v.Webster Bank, Superior Court, judicial district of Hartford, Docket No. CV 99 0590676 (February 4, 2002, Peck, J.).
 CONCLUSION
Based on the foregoing, the motions to strike brought by Channel Three and Channel Eight are hereby granted.
D. Michael Hurley, Judge Trial Referee